Slip Op. 12 - 6

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

|  |  |  |
|---|---|---|
| UNITED STATES, | : | Before: R. Kenton Musgrave, Senior Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 10-00374 |
| | : | |
| SWEET LITTLE MEXICO CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

|  |  |  |
|---|---|---|
| INTERNATIONAL FIDELITY INS. CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 09-00236 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

[Explaining earlier denial of motion to enjoin execution of judgment from the U.S. District Court for the Southern District of Texas.]

Dated: January 12, 2012

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Michael D. Snyder* for 10-00374 and *Alexander Vanderweide* for 09-00236), for the United States.

*The Law Office of Lawrence W. Hanson, P.C.* (*Lawrence W. Hanson*), for Sweet Little Mexico Corporation.

*Meeks, Sheppard, Leo & Pillsbury* (*Taylor Pillsbury*), for International Fidelity Insurance Corporation.

**OPINION**

Musgrave, Senior Judge:  Familiarity with slip opinion 11-35, 35 CIT ___ (Apr. 4, 2011), is presumed.  After the parties joined issue in Court No. 09-00236, that action was assigned off the reserve calendar.  Sweet Little Mexico Corp. ("SLM") filed a motion for a preliminary injunction to prevent International Fidelity Insurance Co. ("IFIC") from taking further action to execute on summary judgment obtained from the U.S. District Court for the Southern District of Texas in *International Fidelity Insurance Co. v. Sweet Little Mexico Corp.*, Civ. No. B-09-02 (S.D. Texas), *aff'd* No. 11-40449, 2011 WL 6413960 (5th Cir. Dec. 22, 2011), and IFIC and the United States Customs and Border Protection ("Customs") both filed oppositions thereto.  At a hearing held on January 11, 2012, the court denied SLM's motion after concluding it problematic.  This opinion memorializes the reasons therefor.

SLM filed the motion with respect to Court No. 09-00236.  Although Court No. 09-00236 and Court No. 10-00374 have been consolidated "in part" only with respect to trial of the overlapping issue (*i.e.*, whether the entries underlying both actions are entitled to preferential treatment pursuant to the North American Free Trade Agreement), it is questionable whether SLM's motion could be considered proper.  SLM's posture with respect to Court No. 09-00236 is technically not that of a party to that action, and only a party may make a motion on a particular case. *See* Slip Op. 11-35 at n.1.

Further, the judgment SLM would enjoin was issued pursuant to the jurisdiction of the district court for the Southern District of Texas.  An application to prevent IFIC from executing on the judgment of the Southern District of Texas is properly made to that district court or to the

Court of Appeals for the Fifth Circuit.  SLM did seek such a stay, but the motion was denied.  As

this court has no jurisdiction over that matter, concurrent or otherwise, it is presumptively improper

to interfere in that process.  *Cf. United States v. E.C. McAfee Co.*, 19 CIT 1243, 901 F. Supp. 367

(1995) (court lacked jurisdiction to remove action by surety on customs bond against importer from

state court); *Gilchrist v. General Electric Capital Corp.*, 262 F.3d 295 (4th Cir. 2001) (due to

operation of 11 U.S.C. § 362(a), prior receivership injunction does not render subsequent bankruptcy

filing void *ab initio*, and to conclude otherwise "would make the injunction of one court

determinative of the jurisdiction of another, setting courts in different districts against one another").

Furthermore, even if it were possible to propound a plausible theory that this court

in fact exercises concurrent jurisdiction over the customs bond contract dispute and SLM provided

a valid reason as to why it would not be improper to order a stay of execution of the judgment of

another district court on the matter, the judgment against SLM that IFIC obtained encompasses more

than the amount of IFIC's bond contract with SLM for the customs duties IFIC paid (and which

Customs alleged were owed) on the 70 entry bonds that are the sole subject to IFIC's protest action

in Court No. 09-00236.  That judgment purportedly encompasses, in addition, the amount of IFIC's

liquidated damages payment on 27 additional claims demanded by Customs against SLM, to which

SLM failed to respond, for which Customs sought recompense against IFIC, and for which SLM has

refused to reimburse IFIC even though, as the district court concluded on summary judgment, SLM

is contractually obligated to do so.  IFIC asserts that it amended the Southern District court complaint

to reflect those claims and they are included in the judgment.  In other words, as IFIC points out,

"both CIT actions are based on the propriety of SLM's NAFTA claims[ and] neither case involves

the FDA[-]related claims underlying the liquidated damages payments made by IFIC on behalf of

SLM on the 27 claims." Surety Plaintiff's Opp. to Sweet Little Mexico Corp.'s Mot. for Prelim.

Injunc. at 3. SLM's motion does not even attempt to touch upon that disposition.

Even if all the above concerns could somehow be overcome, SLM also does not

persuade that its petition satisfies the traditional four factors to be considered on a motion for

preliminary injunction: (1) immediate and irreparable harm if preliminary injunctive relief is not

granted, (2) a likelihood of success on the merits,(3) the potential harm to the moving party in the

absence of a preliminary injunction outweighs the harm that a preliminary injunction would cause

to the non-moving party; and (4) the public interest is better served by granting the preliminary

injunction.[1] *See*, *e.g., Sakar International, Inc. v United States*, 30 CIT 183, 184 (2006).

It may be true that SLM is in danger of suffering immediate and irreparable harm if

injunctive relief is not granted, based on SLM's representation that it is a small business with

minimal assets operating on the basis of small margins on inventory it imports from Mexico and sells

for distribution in the United States, and that without injunctive relief, and if IFIC takes steps to

execute on its judgment, then SLM's continued existence and operation are jeopardized. But, SLM

does not, at least at this stage, persuade that its predicament with IFIC is not one of its own making.

*See supra*. One must do equity to get equity, *e.g.*, *Fosdick v. Schall*, 99 U.S. 235, 253 (1878), and

the record indications of SLM ignoring or failing to respond to demands from Customs or IFIC and

in not abiding what it had promised to do on its contract with IFIC (if the judgment of the Southern

District of Texas as well as the appellate opinion of the Court of Appeals for the Fifth Circuit are any

---

[1] The weakness of a showing on one factor may be overborne by the strength of others, *Mittal Canada Inc. v United States*, 30 CIT 154, 161 (2006).

indication) are not matters tending to tip the scales towards SLM's favor. SLM contends it sought, unsuccessfully, agreement with IFIC to forestall collection efforts until after a CIT judgment, but the fact remains that IFIC is the one that has been out of pocket well over a million dollars for quite some time, and SLM is immediately obligated to repay IFIC the amount involved in the 27 additional claims *regardless* of the outcome of the matters before this Court of International Trade.

SLM argued two reasons why it could succeed on the merits: (1) SLM will prevail as a matter of law in its defense of the CIT's jurisdiction over the question of customs duties owed, and (2) SLM will likely prevail on the underlying question of whether customs duties are owing in the first place. Elaborating on the first proposition, SLM argues that "[f]or IFIC, through one counsel, to avail itself of CIT jurisdiction to contest an assessment of duties or other charges and tender those amounts as required but then, through different counsel, to seek interim reimbursement before a judgment by the CIT is rendered, means that the dispute over the duties or other charges will be heard in the collection action in the Southern District of Texas and not before the Court with exclusive jurisdiction over these matters." Sweet Little Mexico Corp.'s Mot. for Prelim. Injunc. at 6. But that is not so. It is also beside the point. IFIC's action on the bond contract and IFIC's action on its customs duty protest are conceptually distinct matters. The jurisdiction of the Southern District of Texas does not extend to deciding any questions related to the latter, *see* 28 U.S.C. § 1581(a) ("[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930"), and the fact that IFIC initiated the matter of its customs duty protest here (a court of exclusive jurisdiction over such protests) did not preclude it from initiating an action to recover customs duty payments from SLM on the bond contract in a separate district court.

As to the second proposition, SLM's brief argued that it has on hand documentation to demonstrate that the peanuts in the imported products were harvested in Mexico. The court therefore requested SLM to transmit such documentation in advance of the hearing, and the court also examined the entry documentation related to Court No. 09-00236. The Spanish documents (and such English translations as were provided) reviewed do provide a degree of support for SLM's position, but the court was unable to conclude that the strength of this factor was sufficient to overcome the deficiencies of the other aspects of SLM's motion.

Regarding the balance of hardships, SLM argued that they favor it, not IFIC, and that granting the injunction outweighs the potential harm to IFIC.  Specifically, SLM argued there is no potential harm to IFIC that would be caused by granting the injunction, just as this court concluded that IFIC would not suffer prejudice as a result of consolidation of Court No. 09-00236 and Court No. 10-00374.  Given SLM's admitted current financial circumstances, *supra*, and the uncertainty on IFIC's ability to recover on its valid judgment in the future created by injunction, were one to issue, the court concluded SLM's proposition appeared dubious as to this factor, or at best deserving of neutral weighting.

As to the public interest factor, SLM argued it heavily favors granting the injunction, because IFIC has sought to "circumvent" the statutory framework for challenging Customs' actions by commencing Court No. 09-00236 and

> then seeking to recover the payments made to Customs [that were made] in order to invoke the CIT's jurisdiction by commencing another action against the bond principal in federal district court.  IFIC has undermined the interests of judicial economy and initiated duplicative litigation by burdening two federal courts with a dispute that is properly heard exclusively in the CIT

> In the case of [SLM], IFIC has undertaken action to expedite the result sought in the CIT in a manner whcih is contrary to the public interest in due process of law. By pleading its case in the district court as a breach of contract/indemnification claim, IFIC obtained a summary judgment against [SLM], depriving [SLM] of an opportunity to be heard and without any judicial review of whether Customs properly assessed the duty on the imported product.

*Id*. at 10-11.

This court can empathize with SLM's plight, but that is as far as it goes at this stage. As indicated, nothing in the Court's jurisdictional statute binds a surety's cause of action against its principal arising from a payment to Customs to the surety's cause of action against Customs, and SLM still has an "opportunity to be heard" in defense of the government's penalty action against it. The public interest, rather, is served by respect for judicial process.

The foregoing considerations of SLM's motion for preliminary injunction to prevent IFIC from taking further action to execute on summary judgment obtained from the U.S. District Court for the Southern District of Texas persuaded this court to deny the motion at the hearing on January 11, 2012.  The parties were then ordered to confer and submit either a joint proposed scheduling order covering both Court No. 09-00236 and Court No. 10-00374 or their respective proposals for scheduling by January 25, 2012.

**As ordered**.

/s/   R. Kenton Musgrave
R.  Kenton Musgrave, Senior Judge

Dated: January 12, 2012
         New York, New York